COLUMBIA ENVELOPE CO. PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31604. Promulgated January 20, 1931.

*Bernard Metal, C. P. A.*, for the petitioner.
*L. A. Luce, Esq.*, for the respondent.

#### OPINION.

MATTHEWS: The petitioner alleges that the respondent, in determining a deficiency of $1,122.43 in income tax for the year 1923, erred in disallowing a deduction claimed by the petitioner in the amount of $8,970.71, which represents defalcation or errors charged off by the petitioner in the taxable year. The case was submitted upon the following stipulation of facts:

1. The petitioner is a corporation organized on January 17, 1911, under the laws of the State of Illinois and is successor to the Columbia Envelope Co., a New Jersey corporation.

2. From the years 1918 to 1921, inclusive, the petitioner had employed a large number of bookkeepers, many of whom proved wholly incompetent to perform the duties of the position, and none of whom remained in the service of the company for any considerable period.

3. As a result of faulty bookkeeping, the company's records, especially as related to sales, purchases, accounts receivable, and accounts apayable, became hopelessly jumbled.

4. During the years 1922 and 1923, petitioner employed accountants to adjust and reconcile accounts receivable, and accounts payable; the accounts receivable control was found, after a great amount of work, to be in excess of the aggregate of individual accounts by an amount of $8,339.70, and the detailed accounts payable were in excess of the control by $631.01.

5. The aggregate of the amounts stipulated in paragraph 4 was written off to profit and loss in 1923 and taken as a deduction in that year on the tax return. This deduction was disallowed by respondent.

6. In the year 1925, items totaling $1,878.77 were located and credited to profit and loss and income tax paid thereon.

7. In the year 1927, an item of $1,075 was located and credited to profit and loss and income tax paid thereon.

8. No further items have been found up to date.

There is no allegation or evidence that the petitioner actually sustained a loss in the year 1923. A deduction of $8,970.71 is claimed by the petitioner for the reason that this sum was charged off dur- the taxable year in order to balance its books, which are admitted to have been hopelessly jumbled. Mere bookkeeping entries in and of themselves do not establish a loss. The petitioner has not shown that it is entitled to any deduction as a loss in the taxable year. *Union Savings Bank*, 10 B. T. A. 1175; *Fair Store Corporation*, 11 B. T. A. 1033.

*Judgment will be entered for the respondent.*